IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH DAVID STOUGH, # 118365, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:16cv397-WKW |
| ) | (WO) |
| WILLIE THOMAS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Joseph David Stough ("Johnson") on May 25, 2016. Doc. No. 1.[1] Stough challenges his 2010 conviction and sentence in the Circuit Court of Henry County for one count of first-degree rape and two counts of first-degree sexual abuse. He alleges that his multiple convictions arose out of a single event, constituting a double jeopardy violation. *See* Doc. Nos. 1 & 2.

The respondents argue that Stough's petition is time-barred by the one-year federal limitation period applicable to § 2254 petitions. Doc. No. 10. The court agrees and finds that Stough's petition is untimely and should be denied without an evidentiary hearing.

### II. DISCUSSION

*AEDPA's One-Year Limitation Period*

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action. Page references are to those assigned by CM/ECF.

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### *Relevant State Court Proceedings*

On June 30, 2010, a Henry County jury found Stough guilty of one count of first-degree rape, two counts of first-degree sexual abuse, and one count of first-degree sodomy. The trial court sentenced Stough as a habitual offender to four consecutive 99-year sentences. Stough appealed, and on September 30, 2011, the Alabama Court of Criminal

2

Appeals affirmed his conviction and sentence by memorandum opinion. Doc. No. 10-7. Stough's application for rehearing was overruled, and he filed a petition for writ of certiorari with the Alabama Supreme Court. Doc. Nos. 10-8 & 10-9; *see* Doc. No. 10-1 at 2. On September 7, 2012, the Alabama Supreme Court denied his petition for certiorari, and a certificate of judgment issued the same day. *See* Doc. No. 10-1 at 2. Stough filed no petition for writ of certiorari with the United States Supreme Court.

On August 13, 2013, Stough filed a *pro se* petition in the state trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. *See* Doc. No. 10-11 at 14–21. The trial court subsequently denied the Rule 32 petition (*id*. at 88–89), and Stough appealed. On April 1, 2014, the Alabama Court of Criminal Appeals dismissed Stough's appeal pursuant to his motion to dismiss. Doc. No. 10-10 at 1; Doc. No. 10-12. The Alabama Court of Criminal Appeals issued a certificate of judgment on that same date. Doc. No. 10-10 at 2.

On September 25, 2014, Stough filed a second Rule 32 petition with the trial court, challenging only his rape and sexual abuse convictions but not his conviction for sodomy. *See* Doc. No. 10-14 at 18. The trial court subsequently denied the Rule 32 petition (*id.* at 55), and Stough appealed. On November 11, 2015, the Alabama Court of Criminal Appeals affirmed by memorandum opinion. Doc. No. 10-18. Stough's application for rehearing was overruled, and he filed a petition for writ of certiorari with the Alabama Supreme Court. Doc. Nos. 10-19 & 10-20. On March 18, 2016, the Alabama Supreme Court denied his petition for certiorari, and a certificate of judgment issued the same day. *See* Doc. No. 10-13 at 2.

*Analysis*

Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner's conviction is final at "the conclusion of direct review or the expiration of the time for seeking such review." *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006) (quoting § 2244(d)(1)(A)). A state prisoner's conviction becomes final when the United States Supreme Court denies a petition for writ of certiorari, issues a decision on the merits, or when the 90-day period in which to petition the Supreme Court for certiorari expires. *Nix v. Sec'y for the Dep't of Corr.*, 393 F.3d 1235, 1236–37 (11th Cir. 2004). During the direct-review stage, Stough filed no petition for writ of certiorari with the United States Supreme Court. Therefore, Stough's conviction became final, and the one-year limitation period in 28 U.S.C. § 2244(d)(1)(A) began to run, on December 6, 2012—i.e., 90 days after the Alabama Supreme Court denied his petition for writ of certiorari on direct review and a certificate of judgment issued.[2] *See Pugh,* 465 F.3d at 1299 (if prisoner does not petition the Supreme Court for certiorari review, his conviction "becomes final when the time for filing that petition expires").

Statutory Tolling

On August 13, 2013—as noted above—Stough filed a Rule 32 petition in the state trial court. That filing tolled the federal limitation period for filing a § 2254 petition. *See*

---

[2] Because Stough had applied for rehearing in the Alabama Court of Criminal Appeals and then filed a petition for writ of certiorari with the Alabama Supreme Court, he was permitted 90 days to petition the United States Supreme Court for certiorari review. *Nix*, 393 F.3d at 1236; *Pugh*, 465 F.3d at 1299; U.S. Sup. Ct. Rule 13.1 (providing that a petition for a writ of certiorari in the United States Supreme Court is timely when filed within 90 days after entry of judgment or denial of discretionary review by the state court of last resort).

28 U.S.C. § 2244(d)(2) (stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section"); *see also McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009). At that time, the one-year limitation period for filing a § 2254 petition had run for 250 days—i.e., from December 6, 2012, to August 13, 2013. The federal limitation period remained tolled until the state court proceedings related to Stough's Rule 32 petition concluded on April 1, 2014, when the Alabama Supreme Court denied his petition for certiorari and a certificate of judgment issued in the case. On that date, Stough had 115 (i.e., 365 - 250) days remaining within which to file a timely federal habeas petition. The federal limitation period ran unabated for those 115 days, before expiring on July 25, 2014.

Although Stough filed a second Rule 32 petition on September 25, 2014, that filing, unlike his first Rule 32 petition, did not toll the federal limitation period under § 2244(d)(2), because the limitation period had already expired on July 25 of that year. "[O]nce a deadline has expired, there is nothing left to toll." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). "A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to federal habeas review. *Id.*; *see also, e.g., Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B)–(D) do not provide safe harbor for Stough such that AEDPA's limitation period commenced on some date later than December 6, 2012, or (counting tolling under §2244(d)(2)) expired on some date later than July 25, 2014. There is no evidence that any unconstitutional or illegal State action

5

impeded Stough from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). Stough presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Finally, Stough submits no grounds for relief for which the factual predicate could not have been discovered at an earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

Equitable Tolling

The limitation period in federal habeas proceedings may be equitably tolled on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 Fed.App'x 302, 306 (11th Cir. 2009). Stough did not respond to this court's order directing him to show cause why his § 2254 petition should not be dismissed as time-barred under AEDPA's one-year limitation period (Doc. No. 11), and he sets forth no argument elsewhere in his pleadings that he is entitled to equitable tolling. He therefore fails to meet his burden of establishing his entitlement to equitable tolling.

The limitation period for Stough to file a timely § 2254 petition expired on July 25, 2014. 28 U.S.C. § 2244(d). Stough did not file his § 2254 petition until May 25, 2016.

6

Stough demonstrates no basis for equitable tolling. Therefore, his § 2254 petition is untimely, the claims therein are not subject to further review, and this case should be dismissed with prejudice.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation on or before October 18, 2017. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson,* 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 4th day of October, 2017.

                                                /s/ Wallace Capel, Jr.
                                      WALLACE CAPEL, JR.
                                      CHIEF UNITED STATES MAGISTRATE JUDGE